IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PURVIS, AD2482, ) ) Plaintiff(s), ) ) vs. ) ) CALIFORNIA DEPARTMENT OF ) CORRECTIONS AND ) REHABILITATION, et al., ) ) Defendant(s). ) ) | No. C 11-3929 CRB (PR) ORDER OF DISMISSAL |

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that prison doctors did not provide him with proper medical care in connection with a hernia operation. Plaintiff specifically alleges that he noticed a deformity in his penis after the operation and speculates that the deformity was caused by the doctors' clamping something on his penis to stop him from urinating during the procedure.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1   claims or dismiss the complaint, or any portion of the complaint, if the complaint
2   "is frivolous, malicious, or fails to state a claim upon which relief may be
3   granted," or "seeks monetary relief from a defendant who is immune from such
4   relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri</u>
5   <u>v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).
6         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7   elements: (1) that a right secured by the Constitution or laws of the United States
8   was violated, and (2) that the alleged violation was committed by a person acting
9   under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).
10  B.    <u>Legal Claims</u>
11        Deliberate indifference to serious medical needs violates the Eighth
12  Amendment's proscription against cruel and unusual punishment. <u>Estelle v.</u>
13  <u>Gamble</u>, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure
14  to treat a prisoner's condition could result in further significant injury or the
15  "unnecessary and wanton infliction of pain." <u>McGuckin v. Smith</u>, 974 F.2d 1050,
16  1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104), <u>overruled in part on other</u>
17  <u>grounds by</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir.
18  1997) (en banc). A prison official is "deliberately indifferent" if he knows that a
19  prisoner faces a substantial risk of serious harm and disregards that risk by failing
20  to take reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837
21  (1994).
22        Neither negligence nor gross negligence warrant liability under the Eighth
23  Amendment. <u>Id.</u> at 835-36 & n4. An "official's failure to alleviate a significant
24  risk that he should have perceived but did not, . . . cannot under our cases be
25  condemned as the infliction of punishment." <u>Id.</u> at 838. Instead, "the official's
26  conduct must have been 'wanton,' which turns not upon its effect on the prisoner,
27
28                                2

but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

Unfortunately for plaintiff, his allegations of improper medical care in connection with his hernia operation amount to no more than a possible claim for medical malpractice not cognizable under § 1983. See Toguchi v. Chung, 391 F.3d 1051, 1058, 1060-61 (9th Cir. 2004) (medical malpractice insufficient to make out violation of 8th Amendment); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (same). There is no indication whatsoever that the doctors knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837.

To whatever extent plaintiff may have a claim for medical malpractice, he must pursue such claim in the state courts.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  Dec. 7, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Purvis, C.11-3929.dismissal.wpd

3