IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PURVIS, AD2482,  <br>   Plaintiff(s),  <br> vs.  <br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,  <br>   Defendant(s). | No. C 11-3929 CRB (PR)  <br><br> ORDER OF DISMISSAL |

Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that prison doctors did not provide him with proper medical care in connection with a hernia operation. Plaintiff specifically alleges that he noticed a deformity in his penis after the operation and speculates that the deformity was caused by the doctors' clamping something on his penis to stop him from urinating during the procedure.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner,

but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

Unfortunately for plaintiff, his allegations of improper medical care in connection with his hernia operation amount to no more than a possible claim for medical malpractice not cognizable under § 1983. See Toguchi v. Chung, 391 F.3d 1051, 1058, 1060-61 (9th Cir. 2004) (medical malpractice insufficient to make out violation of 8th Amendment); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (same). There is no indication whatsoever that the doctors knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837.

To whatever extent plaintiff may have a claim for medical malpractice, he must pursue such claim in the state courts.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Dec. 7, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Purvis, C.11-3929.dismissal.wpd

3